JUSTIN M. HEILIG
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, NY 10006
Tel: (212) 669-0600
Fax: (212) 669-0698
Email: jheilig@hillrivkins.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| REGAL SPRINGS TRADING COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>HANJIN SHIPPING CO., LTD.,<br><br>Defendant. | Civil Action No. 16-cv-6636<br><br>**COMPLAINT** |

   Plaintiff Regal Springs Trading Company ("Regal Springs"), by and through its attorneys Hill Rivkins LLP, as and for its Complaint against Defendant Hanjin Shipping Co., Ltd. ("Hanjin"), alleges upon information and belief as follows:

1.   This action arises from damage to a shipment of 969 cartons of frozen tilapia loins, which were transported in part by ocean carriage from Belawan, Indonesia to Chicago, Illinois by way of Seattle, Washington in July-August 2016.

2.   This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

1

3. The U.S. District Court for the Southern District of New York is the proper venue for this action by virtue of the forum-selection clause contained in the relevant bill of lading or sea waybill, the operative terms and conditions of service, and/or the contract of carriage for the shipment at issue.

4. Defendant Hanjin is also subject to the personal jurisdiction of this Honorable Court by virtue of conducting business within and through this District, the Port of New York, and the State of New York.

5. At all times relevant hereto, Plaintiff Regal Springs was and now is a corporation organized and existing by virtue of Florida law with an office and place of business at 2801 S.W. 149th Avenue, Suite 270, Miami, FL 33027, engaged in business as an importer and supplier of tilapia fish products.

6. At all times relevant hereto, Defendant Hanjin was and now is a corporation organized and existing under foreign law, with an office and place of business at 80 East Route 4, Suite 200, Paramus, NJ 07652, engaged in business as a common carrier of goods for hire by multimodal transport, and issuing bills of lading and/or waybills for the common carriage of goods aboard certain ocean-going vessels.

7. In July 2015, a shipment of 969 cartons of frozen tilapia loins (the "Cargo") was tendered to Defendant Hanjin in good order and condition and suitable in every respect for the intended transportation, which Hanjin received, accepted and agreed to transport in part by ocean carriage for certain consideration from Belawan, Indonesia to Chicago, Illinois.

8. Hanjin and/or its authorized agents supplied the refrigerated container (the "Container") into which the Cargo was loaded for temperature-controlled transport from Belawan, Indonesia to Chicago, Illinois.

9.  Prior to departure, Hanjin was instructed to maintain a carrying temperature of -22° Celsius for the duration of the voyage and handling of the Cargo.

10. Hanjin agreed to maintain that carrying temperature and issued a sea waybill (no. BLW502223600) for the shipment, which identified the Container (no. CXRU1241327) and stated on its face:

> SHIPPERS REQUESTED CARRYING TEMPERATURE OF MINUS TWENTY TWO (-22) DEGREES CELCIUS [sic]

11. However, the Cargo was physically damaged and impaired in value by a temperature deviation sustained over several days during transit, as shown by the data from the time-temperature recorder ("TTR") placed in the Container.

12. Defendant Hanjin subsequently acknowledged and admitted that a temperature deviation occurred during transit before the Cargo was delivered to its destination in August 2015.

13. By reason of the premises, Defendant Hanjin failed to deliver the Cargo in the same good order and condition to its destination as it was received; was negligent and careless in its handling of the Cargo; breached its statutory, common-law, and contractual duties and obligations as a common carrier for hire and bailee of the Cargo; and was otherwise at fault.

14. Plaintiff Regal Springs was the consignee and/or owner of the cargo at issue in this action, and otherwise had a proprietary interest in the Cargo. Regal Springs bring this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in said shipment, as their respective interests may ultimately appear, and Regal Springs is entitled to maintain this action.

15. Plaintiff Regal Springs has duly performed all of the duties, obligations, and conditions precedent to be performed on its part.

16. By reason of the premises, Plaintiff Regal Springs has sustained damages as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of $157,635.75.

    **WHEREFORE**, Plaintiff Regal Springs prays:

i. That process in due form of law according to the practice of this Court may issue against Defendant Hanjin, citing it to appear and answer the foregoing;

ii. That a decree may be entered in the favor of Plaintiff Regal Springs against Defendant Hanjin in the amount of $157,635.75, together with costs and interest; and

iii. For such other relief as this Court may deem just and proper.

Dated: New York, New York
       August 23, 2016

HILL RIVKINS LLP, *Attorneys for*
Plaintiff Regal Springs Trading Co.

By: _____

Justin M. Heilig
45 Broadway, Suite 1500
New York, New York 10006
Tel: (212) 669-0600
Fax: (212) 669-0698
Email: jheilig@hillrivkins.com